**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE MATTER OF: )<br>CRAIG BROWN, SABRINA WALLS-BROWN, )<br>and CB, a Minor by and Through her Mother and )<br>Next Best Friend, )<br>)<br>         **Plaintiffs,** )<br>)<br>v. )<br>)<br>CRETE MONEE COMMUNITY UNIT SCHOOL )<br>DISTRICT, No. 201 U, a Unified Illinois School )<br>District, *et al.* )<br>)<br>         **Defendants,** ) | No. 20 C 5688<br><br>Magistrate Judge Cole |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion to compel further responses to an interrogatory and two document requests. Remarkably, this discovery dispute, arising in the last couple of weeks of discovery – which is set to close May 25, 2022 [Dkt. #80] – dates back to interrogatories and requests for production plaintiff served nearly a year ago on June 1, 2021. The defendants issued objections and responses to the requests on August 2, 2021, as follows:

> INTERROGATORY NO. 11: List all other School District 201 U students who were arrested and faced felony or misdemeanor charges for actions similar to those alleged to have been committed by CB that are the subject of this complaint, for the period 2011 to date.
>
> RESPONSE: Objection overbroad, unduly burdensome and improperly seeks to invade the privacy rights of minor (juvenile) students. Further answering, the Village of Crete does not have a system in place to search the requested information.
>
> REQUEST FOR PRODUCTION NO. 6: All rules, regulations, manuals, guides, orders, memoranda, directives and other documents concerning investigation of reported crimes, interview of witnesses, victims and suspects, reports of crimes from the District 201.

>RESPONSE: Objection vague. Without waiving said objection, there are no policies expressly addressing the investigation of reported crimes, interview of witnesses, victims and suspects, reports of crimes from School District 201. However, in general, see portions of Crete Police Department Policy Manual relating to juveniles and school resource officers. (Searchable document). Village D23-D1006.
>
>REQUEST FOR PRODUCTION NO. 11: Identify and attach any policies, procedures, communications, directives or correspondence made between Crete Police Department, District 201, and the Village concerning criminal charges against African American students in District 201.
>
>RESPONSE: None.

Based on plaintiff's motion, that was that. Plaintiff took no action challenging the defendants' responses and objections for nine months.[1]

What suddenly prompted such a tardy motion to compel? According to plaintiff, it was the April 28, 2022 deposition testimony of Defendant, Officer Michael Buzan. Plaintiff claims that Defendant, Buzan, testified that the defendants created and retained reports of student incidents indicating whether an arrest was made or charges were brought, and that they were prepared on a computer. [Dkt. #81, Pars. 8-10]. Plaintiff also claims to have attached a transcript of the pertinent testimony as Exhibit B to her motion [Dkt. #81, Par. 8, n.4], but she did not. Instead, all we have is a title page stating "Transcript Marked Confidential." If plaintiff wanted to provide the court with materials in support of her motion that she deemed "confidential," she had to follow the appropriate

---

[1] Throughout plaintiff's motion and reply brief, plaintiff provides a single case in support: *Applied Sys., Inc. v. Ins. Co. of New York*, No. 97 C 1565, 1997 WL 639235 (N.D. Ill. Oct. 7, 1997). In that case, the defendants failed to respond or object to the plaintiff's discovery requests at all, and the court ruled that any objections had been waived. 1997 WL 639235 *2-3. The defendants here not only objected, but they also responded and produced some documents. Obviously, the case has nothing to do with the situation here.

sealing procedure under Local Rule 26.2.[2] How one would expect the court to rule on a motion based on materials one does not allow the court to see is, like the withheld deposition transcript, a mystery.

But, the fact that Defendant, Buzan, testified that such records are kept on a computer changed nothing from nine months earlier. Defendants' objection did not say there were no records, it said *there was no way to search them* to find School District 201 U students who were arrested and faced felony or misdemeanor charges for striking teachers. Why plaintiffs did not address this potential ESI issue last year is unknown.[3] If deemed proportional to the needs of the case, search protocols might be established to retrieve the information. *See, generally, DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 934 (N.D. Ill. 2021). But not eight months later with two weeks left in discovery. The Seventh Circuit has warned that "[i]gnoring deadlines is the surest way to lose a case." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994).

But, all that is beside the point, because plaintiff's motion is also deficient in other respects. Significantly, in regard to Interrogatory No. 6, the motion makes no challenge to the defendants' valid objection that names of juvenile offenders arrested and charged are confidential. 705 ILCS 405/7-1(A)("Juvenile law enforcement records may be obtained only under this Section and Section 1-8 and Part 9 of Article V of this Act, when their use is needed for good cause and with an order

---

[2] Plaintiff appears to be aware of the procedure based on her reply brief. [Dkt. #85, Page 8/10].

[3] Plaintiff attempts to lay the blame for her delay elsewhere. Plaintiff's counsel first asserts that her clients all came down with Covid in the fall of 2021. [Dkt. #85, Page 7/10]. But that certainly did not prevent plaintiff from following up on potential ESI issues with opposing counsel and, if need be, filing an appropriate motion. Plaintiff also complains that Judge Kness took eleven months to rule on defendants' motion to dismiss plaintiff's' complaint, during which time he stayed discovery. But Judge Kness did not stay discovery until November 10, 2021. [Dkt. #62]. Plaintiff had three months to address potential ESI issues prior to that. Moreover, if plaintiff is looking for someone to blame for any perceived delay in the resolution of defendants' motion to dismiss, a mirror might come in handy. [Dkt. #64, at 1 n.1, 2 n.3, 2-3].

from the juvenile court, as required by those not authorized to retain them."). Plaintiff finally addresses the privacy rights of the young people named in the files she wants in her reply brief, but that's too late. "A reply brief is for replying." *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987), not addressing objections that were posed eight months ago.

Even if plaintiff hadn't ignored this issue, she would not be able to make a showing of "good cause" because she has not even shown that the information sought in the interrogatory is relevant to any of her remaining claims – and relevancy is the *sine qua non* of any discovery request. *See Montanez v. Simon*, 755 F.3d 547, 552 (7th Cir. 2014). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Balderston v. Fairbanks Morse Engine Div. Of Coltec Ind.*, 328 F.3d 309, 320 (7th Cir. 2003). *See also Herbert v. Lando*, 441 U.S. 153 (1979); *Craigville Telephone Co. v. T-Mobile USA, Inc.*, No. 19 CV 7190, 2022 WL 1499908, at *6 (N.D. Ill. May 12, 2022)(requiring a threshold showing of relevance and proportionality); *Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175, 2021 WL 4516413, at *2 (N.D. Ill. July 14, 2021)("A party moving to compel production bears the initial burden of establishing that the information sought is relevant."); *Art Akiane LLC. v. Art & SoulWorks LLC*, No. 19 C 2952, 2020 WL 6733681, at *3 (N.D. Ill. Nov. 5, 2020)("It was up to the Plaintiff to establish relevance . . . .").

In ruling on the defendants' motion to dismiss earlier this year, Judge Kness dismissed plaintiff's malicious prosecution claim but allowed plaintiff's *Monell* claim to stand insofar as it "adequately outlines their theory that Defendant Village of Crete, through the Crete Police Department, 'threaten[s] to bring action against certain school administrators if the Black children are not criminally charged under circumstances such as those that CB faced.'" [Dkt. #64, at 9-10]. The names of "all other School District 201-U students who were arrested and faced felony or

4

misdemeanor charges" are not relevant to whether the Crete Police Department threatened actions against *school administrators*.

Even when challenged to show relevance to her claims by defendants' response brief, plaintiff ignored the issue in her reply brief. Instead, plaintiff goes on a completely different course, attaching a power point presentation from the Education Equity Project and the Chicago Lawyers Committee for Civil Rights which argues, *inter alia*, that Black students make up 31% of all school-related arrests nationwide. [Dkt. #85-1].[4] The presentation is not evidence, of course, but giving plaintiff the widest of latitudes, she still makes no connection between the names of all students arrested and charged and an alleged policy of the Crete Police Department threatening criminal charges against *school administrators.* Moreover, plaintiff's assertion in her reply brief that the power point presentation somehow makes the names she requests relevant to whether CB's arrest was based on probable cause [Dkt. #85, at 4/10] is misplaced. As Judge Kness has ruled, plaintiff's own allegations indicate that there was probable cause to arrest CB. [Dkt. #64, at 7-9].

As for the document requests, they at least appear arguably relevant to that claim – plaintiff, again, makes no showing – but defendants responded to both and provided documents responsive to Request for Production No. 6. Eight months later, plaintiff does not explain how those responses were deficient. Plaintiff seems to think there are more documents to be produced, but suspicion and a power point presentations are not enough. "Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). But that feeling is never

---

[4] Arguments raised or developed for the first time in a reply brief – as plaintiff does here – are generally deemed waived. *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021); *Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 451 (7th Cir. 2021)

enough. Courts do not accept mere speculation in a vague motion to compel. Discovery – long and mind-numbingly tedious enough as it often is – would never end if all it took to keep it going were the insistence that more documents exist. *Hubbard*, 247 F.R.D. at 29. Consequently, courts – with unerring consistency – have required that the moving party make out a case for more discovery. Insistence is not enough. The moving party must show "that documents that have been produced permit a reasonable deduction that other documents may exist or did exist." *Hubbard*, 247 F.R.D. at 29 (Emphasis supplied). *See also, Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. 2020)("But, all that the plaintiffs provided here – in a motion barely 3 pages long – was mere speculation that there must be more texts about the breakup. Plaintiffs did not even cite a case in support of their motion to compel."); *Amarei v. City of Chicago*, 2016 WL 3693425, at *4 (N.D. Ill. 2016)(a court cannot compel plaintiff to produce what does not exist.); *Winiecki v. Creditors Interchange Receivable Mgmt.*, LLC, 2015 WL 6870105, at *10 (N.D. Ill. 2015)(same); *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *12 (N.D. Ill. 2015)(same). *See also United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir.2010)(But "unfortunately... saying so doesn't make it so....").

For these reasons, the plaintiff's motion [Dkt. #81] is denied.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/23/22